UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS OSCAR CADY,<br><br>Plaintiff,<br><br>v.<br><br>GARY JACKSON, et al.,<br><br>Defendants. | CASE NO. C26-0903JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court are (1) United States Magistrate Judge Theresa L. Fricke's June 8, 2026 report and recommendation, in which she recommends that the court deny *pro se* Plaintiff Thomas Oscar Cady's motion to proceed *in forma pauperis* ("IFP") and dismiss his proposed 42 U.S.C. § 1983 civil rights complaint for failure to state a claim upon which relief can be granted, and (2) Mr. Cady's objections thereto requesting time to file a motion for leave to amend. (R&R (Dkt. # 8); Am. IFP Mot. (Dkt. # 5); Obj. (Dkt. # 9).) The court has considered the report and recommendation, Mr. Cady's objections, the

relevant portions of the record, and the governing law. Being fully advised, the court DECLINES to adopt Magistrate Judge Fricke's report and recommendation and GRANTS Mr. Cady's request for time to file a motion for leave to amend.

## II. ANALYSIS

Because Mr. Cady has not objected to the report and recommendation's discussion of the factual and procedural background of this matter, the court adopts that discussion in its entirety. (R&R at 2; *see generally* Obj.)

Mr. Cady originally filed his IFP motion and proposed § 1983 complaint on March 13, 2026. (*See generally* IFP Mot. (Dkt. # 1).) Due to a filing deficiency, Mr. Cady amended his motion on March 27, 2026. (*See generally* Am. IFP Mot.) Mr. Cady's proposed § 1983 complaint asserts due process and tort claims based on Defendants' allegedly unlawful conduct in depriving him of his personal property. (Prop. Compl. (Dkt. # 5-1) at 4-8.) Magistrate Judge Fricke recommends that the court deny Mr. Cady's motion to proceed IFP because his proposed complaint fails to state a claim. (R&R at 2-5.) She also recommends that the court dismiss this action without prejudice because an adequate state post-deprivation remedy exists for Mr. Cady's alleged deprivation of property by the unauthorized acts of state officials under RCW 4.92.090, 72.02.045, and 4.96.010. (*Id.*)

Mr. Cady asserts that he "believes he can articulate that there is due process inadequacy in the tort remedy provided under [RCW] 4.96.010 . . . The statute seems to say it is a prerequisite to filing a lawsuit not an adequate post-depr[i]vation remedy[.]" (*See generally* Obj.) Mr. Cady requests "time to make a motion for leave to amend his

complaint so that it states a claim" and "asks for 30 to 60 days . . . for leave to amend [his] complaint[.]" (*See generally id.*)

RCW 4.96.010 provides, in pertinent part, that:

> All local governmental entities, whether acting in a governmental or proprietary capacity, shall be liable for damages arising out of their tortious conduct, or the tortious conduct of their past or present officers, employees, or volunteers while performing or in good faith purporting to perform their official duties, to the same extent as if they were a private person or corporation. *Filing a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages.* The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory.

RCW 4.96.010(1) (emphasis added). Because Mr. Cady contends that he can cure and fully address the deficiencies identified in Magistrate Judge Fricke's report and recommendation, the court grants Mr. Cady's request for time to file a motion for leave to amend his complaint.

## III. CONCLUSION

For the foregoing reasons, the court DECLINES to adopt the report and recommendation (Dkt. # 8) and GRANTS Mr. Cady's request for time to file a motion for leave to amend (Dkt. # 5). Mr. Cady shall file his motion for leave to amend with a new proposed complaint by no later than **August 31, 2026**. Mr. Cady's motion shall comply with Local Civil Rule 15(a), which provides, in relevant part:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended

> pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

Local Rules W.D. Wash. LCR 15(a). The Clerk is DIRECTED to refer this matter back to Magistrate Judge Fricke.

Dated this 28th day of July, 2026.

JAMES L. ROBART
United States District Judge